Thank you, Your Honor. Good morning, Your Honors. Katherine Young from the Federal Public Defender's Office for the Appellant Davonya Grant. And I'd like to reserve some of my time for rebuttal. Ms. Grant appeals the revocation of probation, and what I'd first like to do is briefly summarize the facts. Her five-year term of probation expired in February 2011. A warrant for probation violations was issued in July 2010 with three allegations, the first, failure to make certain restitution payments, the second, failure to submit monthly reports from May and June 2010, and the third, changing her residence on or before July 16, 2010, without notifying the probation officer and absconding from supervision. In April 2012, 14 months after probation terminated, the district court amended the 2010 petition to allege a new allegation. That was that in 2009, Ms. Grant had committed a State court offense. At the April 31, 2012 hearing, Ms. Grant admitted allegations 1 and 4, but denied allegations 2 and 3. She denied that she had failed to submit monthly reports from May and June 2010. She denied that she had changed her residence without notifying the probation officer. She denied that she had absconded from supervision. Defense counsel said there would have to be a hearing on those allegations because there were issues of contested fact. Among other things, Ms. Grant had written a letter to the court which contained her new address and telephone number, and that letter had been provided to the probation officer. The fact is the evidence in the record that the court ever received the letter. Yes, there is evidence. The court referred to the letter, and the probation officer in her July 2010 report referred to the letter. The court gave the letter to the probation officer. So right in the record it shows that the court got the letter, even though the letter was not sent to the probation officer as the usual reports were done. It was sent to the court, but it's also in the record that the court gave that record to the probation officer.  It's in the record also that the probation officer had the May 18, 2010 letter as of July 2010 when she did her report. The connection between how it got to the probation officer is not in the record. But the evidence is that the court received it and that the probation officer subsequently also received it. That's right in the record. That is in the record, Your Honor. And it's also the letter is referred to in her July 2010 report. And the record also suggests, I guess, that there was a warrant issued and the warrant was issued in 2010? That's correct, Your Honor, on the first three allegations. That's correct, Your Honor. So when we're talking about whether there was an issuance of the warrant, if we were going to the exact statute here, there was a warrant there which would extend the time. And what we're really talking about then is what? What is the major issue? Because a warrant was issued within the time. Absolutely, Your Honor. So what are we talking about? The major issue. What are we really trying to wrestle with here? Thank you, Your Honor. There are two major issues. There are two points that we're making. And we're relying on 18 U.S.C. 3565, which requires, first of all, only delays that are reasonably necessary. So we're talking really then one of the issues here is whether the delays were reasonably necessary. Yes. And that's with respect to the entire prosecution, whether there was a reasonably necessary delay in waiting 14 months after termination. What else? The second is the requirement in 3565 that prior to expiration of termination, a warrant or summons has to be issued on the basis of the violation. That we're relying on for the fourth allegation. The petition was amended 14 months after probation. But it was certainly done for the first allegation. Yes. So it really doesn't make much difference. No. For the first three, for all four allegations, we're relying on the reasonably necessary clause. For the fourth allegation alone, we're relying on the fact that the warrant has to be issued before termination. Okay. Is the reasonably necessary clause, is that a legal issue? Well, I think it's a legal and a factual issue. Just a minute. I'm not going to let you get away with that. Sorry, Your Honor. Is that something the court determines based on the facts? Or is it something the court has to make a factual determination? I think it's a mixed issue of law and fact, whether something is reasonably necessary. Well, I guess I looked all over for a case that said that if I had the facts well in front of me and they're not disputed, and I'm going to find out if they're all disputed, but if they're all disputed, then I can make a legal determination of whether it was justifiably allowed. In other words, whether it was a reasonable time. That's correct, Your Honor. Okay. So that means it's a legal determination. Because what I'm really asking you about, you didn't give the poor old D.J. the chance to do this. Now you throw it to me. No, I understand that, Your Honor. And now you're trying to say to me, make a determination or not. I guess I'm trying to say, should I send this back to Judge Due? It wasn't Judge Due's case. But do I send it back to the district judge? Or can I make the determination now? Because if the total evidence I have in front of me is your client sent a letter to the probation officer, then I guess at that point I can say that's not enough. That's reasonable for them to take that long, because they didn't arrest her and didn't get her in. And you're done. Or do I have to send that back to the D.J.? Well, I think that this is an issue of jurisdiction. So I think it's an issue that can be reviewed even on plain air. And I agree there's not that much in the record, but I think that, in fact, it's the government's burden to prove it. Well, I understand. I wouldn't even ‑‑ I was going to ask you whose burden it was, but now you've said it's the government. If I line up all the facts as they are, and here's a lady, I mean, I've got facts in there that this lady not only did she do that, but she went off and pled no contender to the state felonies. She failed to report for the felony plea, so the state couldn't even find her. She failed to serve her state-imprisoned sentence, and the state issued the warrant because they couldn't find her. And they recommended incarceration. If I've got all that in front of me and I can make that determination on a legal basis, you might lose. I understand, Your Honor. First of all, I wanted to say she didn't fail to serve a sentence of imprisonment. The sentence of imprisonment in the state court was stayed. And that probation sentence, she was sentenced to probation on the state court. There was an imprisonment sentence, but it was stayed pending the probation sentence, and that now has been dismissed. But in this case, the government had to prove that it was reasonably necessary for the delay. And Ms. Grant gave the court her address, and the court or the probation officer also had that letter. I'm sorry, Your Honor. Judge, I'm having trouble following your reasonably necessary arguments. I'm sorry, Your Honor. I'm going to ask you to back up a step. Thank you, Your Honor. What you're saying isn't reasonably necessary. Wasn't reasonably necessary to delay to when they did? Is it a question of their timing? The question is, was it reasonably necessary for the government to wait 14 months after termination of probation to have a hearing on the alleged allegation when, in fact, they could have found Ms. Grant any time? Because she gave the court her address in May 2010. The probation officer had that address in, we know, as of July 2010 based on the record. But they waited until April 2012 to prosecute the alleged violation. And that's why we're claiming it's not reasonably necessary. They knew where she was in May and July 2010. But they waited until 2012 to prosecute the violation. And that's what we claim is not reasonably necessary. But she didn't give notice. She did not give notice as required by probation terms on her change of address. Right? To say the officer knew of it because of the letter. Well, I'm not sure that there's any specific form requirement. She did send a letter to the court. The probation officer had that letter. But now, just a minute. Before you answer that, think about the terms and conditions of probation. What was she supposed to do before she moved? Wasn't she supposed to report within 72 hours from the time she changed her address, and she didn't do that here? Well, we don't know because we don't know when the address was changed. The record doesn't state when the address was changed. The letter was sent to the court in May 2010. Now, we don't know when that letter made it to the probation officer. But the requirement was not that she sent a letter to the court. And even if you accept that, in the letter she didn't report to the court, I changed my address. She merely included an address that turned out to be an updated address. That's correct, Your Honor. But she didn't in the requirement for her complying with probation was that she had to notify probation office. Isn't that correct? That's correct, Your Honor. And she didn't do that here. She notified the court. That's correct, Your Honor. We're claiming that that is substantial compliance with the requirement. The probation officer knew where she was. The court knew where she was. And the issue here is not that violation, but whether it was reasonably necessary after the – as long as they knew where she was in May through July 2010, was it reasonably necessary for them to wait two years, almost two years, until 2012 to prosecute the violation? That's our issue under 3565. I mean, if I change the – if I change my evaluation a lot, just change a different subsection, and I talk about whether she absconded from probation, it seems to me that given that statute, we've got she did not report, she did not pay her restitution. They went out there and looked for her, and she wasn't there. And therefore, it seems to me, given those allegations, I can easily say she absconded. Okay. If I could respond to that, Your Honor. She – there was an allegation that she didn't file a monthly report. She disputed that allegation. There was an – But that doesn't make any difference. If I'm going to make that determination, whether she disputes it or not, does that make it an issue of fact? Well, she disputed it, and the government dropped it. So we're claiming if she disputes it and the government drops it, then the court then can't say I'm going to make a finding on this without giving her the chance, sorry, to respond to it. And the address at which she was not there was an old address, and she had given the probation – the court in May, and the probation officer received in July 2010, the new address where she was residing. But the fact that some of the allegations were dismissed only would mean that the district court couldn't rely on those allegations to evoke supervised release. It wouldn't foreclose a judge from looking at those allegations and making the initial determination as to jurisdiction, wouldn't it? Well, I think in this case, if she disputed the allegations and she was deprived of the opportunity because the government refused to allow her discovery, I think then it's unfair to say, well, we're going to assume that they were correct even though she denied them and asked for discovery and the government dismissed the counselor. You're the one who didn't pursue the allegations of hers. You're the one who didn't pursue discovery. I mean, you could have said, no, I want my discovery. You're the one – she's the one, not you, because I don't even know if you represented her. She's the one who caved in and says, I won't go for discovery. I don't care about it anymore because I'm getting a deal. And she doesn't even fight that the poor old DJ is now going to make the sentence. And he does. And after we get the sentence made and some smart lawyer like you on appeal comes up and says, no jurisdiction. So it's, again, my colleague's question is pretty good. Why is it that those allegations are not something I can look at as a question of law? Because I think they were denied. She denied them. Well, so what? I think it's unfair to the court to say that. I mean, in jurisdiction, questions all the time. We have questions going one way or another. But in jurisdiction, ultimately the old DJ has to decide who's right and who's  I've made those decisions a lot on jurisdiction. I don't have to have a stipulated issue of fact to determine jurisdiction. Well, I'm not sure that the ñ now I've lost which issue we were discussing, which ñ Jurisdiction. But the issue of jurisdiction is whether or not it was reasonably necessary. And so that we don't have anything in the record on. Okay. We don't have any explanation why the government waited 14 months after termination. And I see I've way exceeded my time, so. I'll submit unless there are any further questions. Thank you. Good morning. Jean-Claude Andre on behalf of the government. I think the briefs in this case have made the case a little more complicated than it needs to be. And the questions towards the end of Ms. Young's argument, I think, are where I'd at least like to lead the Court for an easy resolution. And it is with the fugitive tolling doctrine. Because with the fugitive tolling doctrine, we don't have to ask the legal question about what is reasonably necessary under the statute. And we don't have to concern ourselves with the Fifth Circuit in Aranjo's decision about whether Allegation 4 relates back to Allegation No. 1. If the fugitive tolling doctrine applies here, everything was timely because the defendant's supervision was told all the way up through the second amended petition. Your Honor. Counsel, how is it that we can be sure she's a fugitive if she sent a letter to the judge showing her address? Well, on some levels in this area, the term fugitive is somewhat of a misnomer because we're not really asking whether the defendant is nowhere to be found. As Watson and Ignacio Juarez, this Court's decisions in those cases, make clear, part of the inquiry is whether the defendant is actually making themselves available for supervision. So when you look at the total mix here, that the defendant had moved and did not, in compliance with Probation Condition 12, formally notify the probation officer within 72 hours that she had moved, she stopped making her restitution payments, she failed to file two monthly reports, and then the probation office went out apparently to the wrong address, couldn't find her, contacted her old counsel. He didn't know where she was. When you look at that total mix, she clearly was not making herself available for supervision because if she was, she would still be submitting her reports. She would walk into the probation office and say, hi, I've moved. What do I need to do to get things back in order? Okay. Thank you. So we think that once you kind of take the word fugitive out of the fugitive tolling doctrine, this actually becomes a pretty easy case that can be decided just by standing on the shoulders of Juarez and Watson. What is the standard for this fugitive tolling doctrine? Is it that the government has to have capable of supervision, or is it that the government must have notice that she is a different place? I don't think there's one line to be drawn through all the court's cases as they've evolved from Crane all the way up through Watson, but Watson is the most recent case. And incidentally, in that case, the issue was preserved, unlike here. And in Watson, the court said the defendant is in fugitive status, this is page 931, when he fails to comply with the terms of the supervised release. And I'll even admit that that's a little broad. I mean, we're not suggesting that a defendant can submit a dirty drug test and, you know, that's technically noncompliance with supervision. We're not going to say that makes a defendant a fugitive in this context, but that is this Court's most recent articulation of the standard, and it is rather broad. And so I think when you look at all the facts here and apply it to that standard, this Court can easily find that defendant was in fugitive status, again, particularly in this plain error regime. But if it is only notice and not capable of supervision, wouldn't this letter give a question of fact as to whether the government was on notice of where she was? If the test truly was notice, then I think, yeah, it would present a question of fact as to, you know, what did the probation officer really know? Well, then so what is the test? That's what I'm asking you. Well, our position would be today, it would be the Watson test, which is that the defendant is making themselves available for supervision by complying with the terms of supervision, not just saying, come get me over here if you want to, which even that would be a charitable characterization of what the defendant did, because the defendant did not say, I have moved. You can come find me here. Instead, she sent this, you know, cryptic and misleading letter trying to get Judge King to terminate her before he could find out that she had committed an offense.  Counsel, I'm sorry. Go ahead, Judge. Go ahead, Judge Goon. Go ahead. Well, counsel, I heard you say this in this plain error regime, which I assume is you're raising plain error because she didn't challenge the jurisdiction in the district court. But if it's a jurisdiction question, am I wrong in thinking that we have to review it de novo? Because that's what I would have thought would be the test on any jurisdictional issue, even though it's very frustrating when they come up to us on appeal and the district court never heard it. But, I mean, I've had a few cases like that, and I think we just normally have to sort of, you know, grit our teeth and look at it de novo. But if I'm wrong in that, tell me. I guess the word misnomer is going to be my theme of the day. Because the Supreme Court has, I think, for about at least 12 years, been warning that the term jurisdictional has been overused, and they've been dialing back on what statutes actually present jurisdictional questions. And I think the exception of Bowles v. Russell, the civil habeas appeal statute, every other statute the Supreme Court has looked at in the last 12 years they've said is not jurisdictional. So whether we're talking about the Arbaugh decision, the Henderson decision from last year, or the Sebelius decision from this year, they basically said you need a clear statement that it's a jurisdictional inquiry. And we don't have that here. Really this is a claim processing rule that talks about when is revocation matter timely. And if it's a claim processing rule that talks about timeliness, it's not jurisdictional. And further reinforcing that this statute is not a true jurisdictional statute is the fact that this Court does embrace a fugitive tolling doctrine. Fugitive tolling doctrine is equitable. Jurisdictional statutes aren't subject to equitable exceptions. So I realize I'm running up against, you know, decades of this Court's case log. Kennedy, I was going to say, we'd be the last one to be able to say that, this poor three-court, three-judge panel. Although I don't think this Court has ever actually grappled with that question. I think the Court has just assumed that it's jurisdictional. So I think, you know, perhaps this three-judge panel could. But that would be my response as to why plain error applies. And here the defendant had multiple opportunities to object either to the timeliness of the proceedings overall or to the addition of Allegation 4. None of that happened. And so at minimum, if this Court's going to draw any inferences from the facts that are in the record, I think they need to be drawn in favor of the district court's exercise of jurisdiction. And I'm using the air quotes intentionally since my position is it's not really jurisdictional. I'm not trying to make a work project for anyone. But do you think that someone on our panel should write an opinion about whether 3565 is really a matter of jurisdiction? I mean, as an appellate lawyer, I guess I like clarification of the law. So I wouldn't push against that no matter how that opinion came out. Do you think we have precedent to suggest that we can even do that? I mean, my worry is that that question is so ingrained in our jurisprudence that we'd have to go on bonk to say what you want us to say. Well, I don't think so. I want to say there's a case called Webster and a case called Guerrero. There are a couple cases that recognize the questions that the Court assumes that are merely lurking in the record without, you know, any real thought are not actually circuit precedent. And I realize that's a dangerous area to get into, particularly when you run up against, I guess, Chief Judge Kaczynski's concurrence in Johnson, which says that this condition. I was going to say, what do I do with Judge Kaczynski in Johnson? Right. But I think that needle could be thread to answer the question that was put to me. Okay. Well, I interrupted Judge Dew's question earlier, so I hope there's a way we can get back to it. Thank you, Judge Gould. Counsel, I'm struggling with the fact that in the case below, the government decided to dismiss Allegation 3, which goes to the issue of whether or not the defendant failed to properly report. And because of that, the district court didn't have a chance to make this finding that perhaps the defendant did fail to report. But now the government is relying on that to argue that the fugitive tolling applies. So why don't you respond to Ms. Young's argument that there was substantial compliance in that the defendant did submit the letter to the court notifying the court for a change of address? Well, I mean, I don't know of a substantial compliance doctrine in this area. Either the defendant does what the defendant is ordered to do in the initial J&C, saying, within 72 hours, provide the probation officer with notice, or she doesn't. I mean, the letter, which is in the government's excerpts of record, doesn't have the probation officer CC'd. There's no mention of the probation officer. It clearly was just a letter to get Judge King to terminate her early, and so he wouldn't determine or wouldn't find out about her new conviction. I think in response to the first part of your question, Judge Dewey, I guess I'd turn to your question, your comment to Ms. Young, which is even though we or actually the court that on our motion dismissed Allegations 2 and 3, even though that means that the court can't rely on those allegations as a basis to revoke, the court absolutely could have, had defendant objected, relied on the allegations in violation reports or on the colloquy with the probation officer, and there was a two-page colloquy with the probation officer at the hearing, can rely on those facts to then determine whether these proceedings were timely and, in addition, can also rely on those facts in imposing sentence. And that's what Judge King actually did do here. So even though he may not have put his findings in the timeliness or jurisdictional box, he did make findings. They're on page 31 of the excerpts of record, and he said that she failed to file her reports as alleged, she failed to report her arrest, she failed to appear in State court, and she was not at her address. So, you know, given again that we're dealing without the benefit and objection below, I think we can take those factual findings and apply them to the question now before the court and affirm on that basis. Thank you. Your time has expired. Thank you. Thank you both. And your time expired before. We thank you both for your arguments. Well done, both of you. Thank you very much for a very interesting case, a very good case. Thank you very much. So we will submit then Case 12-50209, United States v. Grant. And this session of the Court will stand in adjournment. Thank you very much. Thank you.
judges: Du, Gould, Smith